SCOTT B. ASTON
State Bar No. 01396350
RUSSELL E. JUMPER
State Bar No. 24050168
LOOPER REED & MCGRAW P.C.
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
(214) 953-1332 (Fax)
Email: saston@lrmlaw.com
Email: rjumper@lrmlaw.com

ATTORNEYS FOR DEFENDANT MICKEY LETSON

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-34174-BJH-7 |
| | § | (Jointly Administered Under Case |
| SOPOREX, INC., et al., | § | No. 08-34174-BJH-7) |
| | § | |
| Debtors. | § | |
| _____ | § | |
| DIANE G. REED, AS CHAPTER 7 | § | |
| TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 11-03306-BJH |
| | § | |
| STEPHEN D. LINEHAN, RICHARD J. | § | |
| SABOLIK, SCOTT D. SMITH, JOHN | § | |
| DUDINSKY, JR., RONALD G. GEARY, | § | |
| THOMAS HANSEN, MICKEY LETSON, | § | |
| and DOYLE PRIVETT, | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF DEFENDANT
MICKEY LETSON'S MOTION TO DISMISS**

COMES NOW, Defendant Mickey Letson and files this Brief in Support of Defendant Mickey Letson's Motion to Dismiss, and would respectfully show unto the Court the following:

628746.1

1.  On April 15, 2011, Diane G. Reed, as Chapter 7 Trustee of Soporex Inc., et al. ("Trustee"), filed suit against a number of individuals, including Mickey Letson ("Letson"). The Trustee amended her complaint on April 19, 2011. In Count 4 of her complaint, the Trustee alleges that the "Outside Directors"—John Dudinsky, Jr., Ronald G. Geary, Thomas Hansen, Doyle Privett, and Mickey Letson—breached their duties of loyalty and due care through certain acts or omissions. In a separate claim, the Trustee alleges that Letson breached the duty of loyalty to Soporex by allegedly participating in the negotiation of two agreements between Soporex and another entity. (Am. Compl. ¶¶ 194-198).

2.  A review of the Trustee's lengthy complaint, however, demonstrates that the Trustee fails to show that her claims against Letson are plausible. Accordingly, Letson is entitled to dismissal of the Trustee's claims against him.

## LEGAL AUTHORITY

3.  Federal law requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard requires more than a recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions masquerading as factual allegations will not suffice. *Id.* To survive a motion to dismiss under Federal Rule 12(b)(6), a party must set forth sufficient factual allegations that, if accepted as true, demonstrate the claim is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability" it fails to demonstrate a plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 557).

4. Delaware law, which governs the Trustee's claims,[1] provides additional protection for directors of corporations through the business judgment rule. *See, e.g., in re Walt Disney Co. Derivative Litigation*, 906 A.2d 27, 53 (Del. 2005). This rule requires a court to presume that directors made business decisions on an informed basis and in an honest belief that a decision made on behalf of the company was in the best interest of the company. *Id.* Unless a plaintiff alleges facts that tend to show fraud, bad faith, or self-dealing, a director decision is entitled to this deference. *Id.* A plaintiff may not avoid the effects of the business judgment rule simply by omitting any reference to that rule in its pleadings. *Kaye v. Lone Star Fund V (U.S.), L.P.*, ____ F. Supp. 2d ____, 2011 WL 1548967, *27-28 (N.D. Tex. April 26, 2011).

5. To avoid the presumption of Delaware's business judgment rule, a plaintiff must show that a director was "interested" in a transaction or lacked independence in making a decision on behalf of the corporation. *Id.* at *28. To be "interested" in a transaction, a director must (1) appear on both sides of a transaction, or (2) receive some personal benefit from the transaction that the corporation for which he is a director does not receive. *Id.* To lack independence, a director must have based his decision on extraneous considerations or influences, rather than the corporate merits of a decision or action. *Id.* The Court will note that the common thread in this law is that the director must have made a decision or taken an action in his capacity as director. *See, e.g., id.*

### ARGUMENTS AND AUTHORITIES

6. The Trustee's complaint alleges five separate causes of action against eight

---

[1] Federal courts follow the choice of law rules of the state in which they sit. *See Stuart v. Spademan*, 772 F.2d 1185, 1195 (5th Cir. 1985). Under Texas law, the rights, powers, and duties of a corporation's board of directors are governed by the laws of the state where the corporation is incorporated—in this case, Delaware. *See, e.g., Hollis v. Hill*, 232 F.3d 460, 464-65 (5th Cir. 2000).

**BRIEF IN SUPPORT OF DEFENDANT MICKEY LETSON'S MOTION TO DISMISS – PAGE 3**
628746.1

different defendants. Of the five causes of action, Stephen Linehan, and/or Richard Sabolik are defendants in all but two. A complete review of the factual allegations evidences the Trustee's precarious balancing act. On the one hand, the Trustee claims that Linehan and Sabolik made a series of poor business decisions, failed to adequately manage Soporex's operations, and kept Soporex's board of directors in the dark about Soporex's ongoing business and financial status. (*See, e.g.*, Am. Compl. ¶¶ 85-86; 122; 130; 141). The Trustee simultaneously alleges that, despite Linehan and Sabolik's failure to provide information to the board, the outside directors are somehow responsible for Soporex's failure. The Trustee's attempt to have it both ways fails when her factual allegations are applied to the causes of action they allegedly support. As demonstrated below, the Trustee's allegations against Letson fail to state a claim, and should be dismissed.

***Trustee's "Claims Against the Outside Directors for Breaches of Their Duties of Loyalty and Due Care."***

7. The first allegation against Letson appears in Claim 4, wherein the Trustee alleges that the Outside Directors, including Letson, breached the duties of care and loyalty. (Am. Compl. ¶¶ 190-193). The Trustee names nine specific acts or omissions of the Outside Directors which she contends establish the Outside Directors' breaches of those duties. (Am. Compl. ¶ 192). Because the claims against each of the Outside Directors are identical, Letson joins in Dudinsky, Geary, Hansen, and Privvett's Motion to Dismiss, which is being filed with the Court on the date of the filing of the instant motion. Letson hereby incorporates for all purposes the arguments contained in said motion as if fully set forth herein. Counsel for the Trustee, counsel for Dudinsky, Geary, Hansen, and Privett, and counsel for Letson have agreed that the interests of justice and judicial economy support Letson's joining the Outside Directors'

motion to dismiss.  In the event that the Court deems it necessary for Letson to obtain leave of Court to join in Dudinsky, Geary, Hansen, and Privett's motion to dismiss, Letson hereby moves the Court to grant such leave.  In the instant motion and brief, Letson separately addresses the Trustee's failure to state a claim against Letson's for (1) acts and omissions that took place after Letson's resignation from Soporex's board and (2) an alleged breach of loyalty by Letson, alone, related to the negotiation of Soporex's agreements with Harvard.

8.    The Trustee alleges in Count 4 that the Outside Directors breached their fiduciary duties of loyalty and care through several acts or omissions.  While the Trustee specifically excludes Letson from a number of the factual allegations that support her claims (Am. Compl. ¶¶ 157-159; 167), she fails to exclude Letson from the causes of action in Count 4 that relate to acts or omissions which took place after his resignation from Soporex's board.  To the extent the Trustee intends to allege causes of action against Letson for acts or omissions taking place after Letson's resignation from Soporex's board, those claims must fail.

9.    The Trustee alleges that all of the Outside Directors improperly delegated decision-making authority for Soporex's operations after Linehan's automobile accident on July 18, 2008, improperly delegated decision-making authority for terminating the business operations of Soporex, and failed to preserve the going concern value of Soporex's subsidiaries. (Am. Compl. ¶¶ 162, 192 g-i).  Each of these alleged acts took place after Letson resigned as a director of Soporex.  (Am. Compl. ¶¶ 17 (stating Letson ceased being a director on July 16, 2008); 162 (reciting resolution delegating authority to Soporex's management, dated August 19, 2008); 192 g-i).  The Trustee's affirmative exclusion of Letson from the factual allegations supporting the above alleged wrongdoings demonstrates that Letson did not breach any duty

owed to Soporex by acting or failing to act at times after his resignation. To the extent the Trustee's complaint alleges that Letson breached any fiduciary duty by delegating decision-making authority for Soporex and/or for the termination of Soporex's business or failing to preserve the going concern value of the Soporex's subsidiaries' business operations, such claims must fail.

*Trustee's "Claim for Breach of Fiduciary Duty of Loyalty Against Letson."*

10. In a separate count (Count 5), against Letson, individually, the Trustee alleges that Letson breached the fiduciary duty of loyalty to Soporex in connection with the Harvard letter agreement and the Harvard Exclusive Purchase Agreement ("EPA") (collectively, the "Harvard agreements"). The letter agreement and the EPA were entered into on May 22, 2008 and June 6, 2008, respectively. (Am. Compl. ¶¶ 91-92). The Trustee alleges that Letson breached his duty of loyalty to Soporex by "participating in the negotiation and drafting of the Harvard Letter Agreement and the Harvard EPA." (Am. Compl. ¶ 197). Because the Trustee's complaint fails to demonstrate that Letson made any decision or took any action in behalf of Soporex with respect to the Harvard agreements, the Trustee's claim must be dismissed.

11. In relation to the Harvard agreements, the Trustee alleges the following facts:

- Letson was an officer of Harvard Drug Group ("Harvard") while he was on the board of Soporex. (Am. Compl. ¶¶ 17, 89).

- In May, 2008, Harvard advised Soporex's management that Harvard would no longer extend credit to Soporex due to a past-due balance Soporex owed Harvard. (Am. Compl. ¶ 91).

- Soporex's management entered into a letter agreement and exclusive purchase agreement with Harvard in May and June of 2008. (Am. Compl. ¶¶ 91-92).

- Letson participated in the negotiation and drafting of the Harvard agreements, and set the prices for key medications. (Am. Compl. ¶ 96).

- Letson ceased being a director of Soporex on July 16, 2008. (Am. Compl. ¶ 17).

- The board of Soporex did not meet from December 2007 to July 18, 2008. (Am. Compl. ¶ 151).

12. The Trustee's allegations fall well short of demonstrating that Letson breached his duty of loyalty by either appearing on both sides of the transaction, or being "interested" in the transaction. If the Trustee intends to allege that Letson appeared on both sides of the transaction, her factual allegations simply do not support that claim. In fact, the Trustee's complaint establishes that Letson never appeared on the Soporex side of the transaction, and the Harvard agreements were not approved by the Soporex board while Letson was a director. (Am. Compl. ¶¶ 17 (alleging Letson resigned from Soporex's board July 16, 2008); 91-92 (alleging that Soporex's management entered into the Harvard agreements on or around June 6, 2008); 151 (alleging Soporex's board did not meet or take any action from December 2007 until July 18, 2008—after Letson resigned). Letson could not have appeared on the Soporex side of this transaction because the Trustee does not allege that the transaction was presented to or approved by the Soporex board. The Trustee's complaint does not contain a single allegation that Letson acted on Soporex's behalf with respect to the Harvard agreements.

13. If the trustee intends to allege that Letson was "interested" in the transaction, her factual allegations fail to support such a claim. As the District Court for the Northern District of Texas has noted, "the duty of loyalty is generally directed towards a fiduciary's motivations in making a business decision . . . ." *Kaye v. Lone Star Fund V (U.S.), L.P.*, ____ F. Supp. 2d ____, 2011 WL 1548967, * 29 (N.D. Tex. April 26, 2011). As shown above, the Trustee's own

allegations demonstrate that Letson never made a business decision related to the Harvard agreements on behalf of Soporex. Likewise, the Trustee fails to demonstrate that Letson would receive a personal benefit from the transaction. *See id.* at 28. The Trustee makes the wholly conclusory statement that Letson used his position with Soporex "to further his own financial and professional interests as an employee and officer of Harvard[,]" but the complaint does not contain a single factual allegation that plausibly shows Letson benefitted from a decision Soporex's management made regarding the Harvard agreements without approval of Soporex's directors. (Am. Compl. ¶ 197).

14. The Trustee alleges on "information and belief" that Letson was involved in the negotiation of the Harvard agreements. (Am. Compl. ¶ 96). The Trustee also claims that Letson determined the prices of medications sold under the Harvard agreements "upon information and belief..." (Am. Compl. ¶ 175). The only alleged fact offered by the Trustee in support of her "information and belief" claims is the allegation that an unidentified person at Harvard sent an email to Soporex's CFO on which Letson was copied. (Am. Compl. ¶¶ 92-93). Such unfounded, conjectural "information and belief" allegations should not survive a 12(b)(6) motion to dismiss. *See Twombly*, 127 S. Ct. at 551, 556 (holding that an allegation made "upon information and belief" must be supported by "enough factual matter (taken as true) to suggest that" the allegation is true. *See id.*).

15. In this case, the Trustee alleges that Letson worked for Harvard. Combining that fact with the Trustee's unfounded belief that Letson participated in the negotiation of the Harvard agreements, the Trustee reasons that Letson must have breached his duty of loyalty. At best, the Trustee's complaint would allow the Court to infer the possibility that Letson breached

some duty. This mere possibility is not sufficient to survive Letson's motion to dismiss. *Iqbal*, 129 S. Ct. at 1949.

16. In fact, the Trustee's complaint establishes that Letson had a substantial financial interest in Soporex's success. According to the Trustee, Letson owned approximately $250,000.00 worth of preferred stock in Soporex. (Am. Compl. ¶ 32).

17. The Trustee alleges that, as a result of the Harvard agreements, Soporex paid approximately $1.2 million worth of its debt to Harvard. The Trustee's Amended Complaint, however, demonstrates that Harvard was not paid any amount of money that it was not owed, and the Trustee acknowledges that Harvard extended credit to Soporex despite Soporex's cash-flow problems. (Am. Compl. ¶ 90). The Trustee claims that Soporex paid Harvard approximately $119,000.00 more for drugs than would have been charged by other, unidentified, suppliers.[2] The Trustee fails to allege, however, that Letson benefitted in any way. The Trustee's complaint wholly lacks any allegation that Letson received a personal benefit from the Harvard agreements.

18. Simply put, the Trustee's allegations fail to demonstrate that Letson was an "interested" director in the transactions that Soporex entered into with Harvard through Sabolik and Linehan. Further, the Trustee's complaint establishes that Letson did not participate in those transactions on the Soporex side. Even accepting the Trustee's allegations as true, Letson has not breached his fiduciary duty of loyalty to Soporex. The Trustee's allegations supporting Letson's alleged breach of the fiduciary duty of loyalty do not demonstrate that the Trustee's

---

[2] Notably, in claiming that that the drugs Soporex needed were available from other suppliers at lower prices, the Trustee fails to indicate whether these other suppliers would have provided the unspecified favorable pricing to a company in as severely dire a financial situation as Soporex.

cause of action is plausible, and the Trustee's claim against Letson should be dismissed.

## CONCLUSION

19. The Trustee's complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). The Trustee's allegations fail to demonstrate that it is plausible that the Trustee is entitled to the relief she requests against Letson. *Iqbal*, 129 S.Ct. at 1949.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Mickey Letson respectfully requests that the Court:

1. Grant defendant Mickey Letson's motion for leave to join in defendants John Dudinsky, Jr., Ronald G. Geary, Thomas Hansen, and Doyle Privett's Motion to Dismiss;

2. Grant defendant Mickey Letson's Motion to Dismiss and dismiss all claims being made against Mickey Letson by Diane Reed, Chapter 7 Trustee, in her Amended Complaint; and

3. Award Mickey Letson any and all other relief to which he may show himself entitled in law or in equity.

Respectfully submitted,

LOOPER REED & McGRAW P.C.

By:    s/ Scott B. Aston
    Scott B. Aston
    State Bar No. 01396350
    Russell E. Jumper
    State Bar No. 24050168
    1601 Elm Street, Suite 4600
    Dallas, Texas 75201
    (214) 954-4135
    (214) 953-1332 (Fax)
    Email: saston@lrmlaw.com

**ATTORNEYS FOR DEFENDANT
MICKEY LETSON**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading was served via electronic mail on all ECF participants on this, the 1st day of June, 2011.

        s/ Scott B. Aston
        Scott B. Aston